IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA MARIA BENTIVEDO,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>    Defendant. | CIVIL ACTION NO. 3:CV-07-1257<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE BLEWITT) |

## **MEMORANDUM ORDER**

In this appeal from the denial of Plaintiff Tina Maria Bentivedo's application for disability benefits, Magistrate Judge Thomas M. Blewitt concluded that "[t]here is a significant basis for a determination that the ALJ failed to afford adequate weight to the opinions of Dr. Rahman and Dr. Sedaghatpour," who are Plaintiff's treating physicians. (Report & Recommendation, Doc. 11, at 11.)  For this reason, the Magistrate Judge recommended "that Plaintiff's appeal be GRANTED."  (*Id.*)

Neither party has filed objections to the Report and Recommendation.  The Magistrate Judge, however, did not make a recommendation as to the appropriate form of relief.  In her appeal, Plaintiff requests that the decision of the Administrative Law Judge be reversed, that the Plaintiff's claim for disability benefits be granted under the provisions of the Social Security Act and that attorney's fees be awarded based on the Equal Access to Justice Act.  (Doc. 1, at 2.)  The Magistrate Judge did not make a recommendation about whether to directly grant this relief or to remand this matter to the Administrative Law Judge for further consideration of the opinions of Plaintiff's

treating physicians.

A district court reviewing a decision of the Commissioner of Social Security may affirm, modify, or reverse the decision "with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A district court should elect to order the award of benefits without a remand "only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the Claimant is disabled and entitled to benefits." *Gilliand v. Heckler*, 786 F.2d 178, 184 (3d Cir. 1986) (citing *Podedworny v. Harris*, 745 F.2d 210, 221-23 (3d Cir. 1984)). On such fully developed records, "it is unreasonable for the court to give the ALJ another opportunity to consider new evidence concerning the disability because the administrative proceeding would only result in further delays in the receipt of benefits." *Id.* at 185.

The briefs presented in this appeal, however, addressed the issue of whether the Commissioner's "reliance upon the non-examining physician's functional capacity report, which is contrary to the evaluations of the treating physician, and the neutral examining physician, is substantial evidence which can support *a finding of non-disability*." (Br. in Supp., Doc. 6, at 1) (emphasis added). The parties did not address the inverse question, which under *Gilliand*, is now at issue: whether there is substantial evidence in the record which can support a finding of *disability*.

For the foregoing reasons, **NOW,** this ___19th___ day of June, 2008, upon review of Magistrate Judge Thomas M. Blewitt's Report and Recommendation (Doc. 11) for plain error or manifest injustice, **IT IS HEREBY ORDERED THAT**:

(1) The Report and Recommendation (Doc. 11) is hereby **ADOPTED**.

(2) Plaintiff's Appeal (Doc. 1) is **GRANTED**.

(3) This matter is **REMANDED** to the Administrative Law Judge for further consideration of the opinions of Plaintiff's treating physicians.

    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge